UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br>**EDWIN RITTER JONAS, III**,<br>Debtor. | Case No. **10-60248-7** |
| **EDWIN RITTER JONAS, III**,<br>Plaintiff.<br>-vs-<br>**LINDA B JONAS**,<br>Defendant. | Adv No. **10-00031** |

## MEMORANDUM OF DECISION

At Butte in said District this 16th day of September, 2010.

Pending in this adversary proceeding is the amount of attorney fees to be awarded against the Plaintiff Edwin Ritter Jonas ("Edwin") as sanctions for Edwin's failure to comply with the deadline set by this Court's Scheduling Order (Docket No. 9) for making initial disclosures. A hearing on the amount of attorney fees was held at Missoula on September 9, 2010. Edwin was represented by attorney Edwin A. Murphy ("Murphy") of Missoula in opposition to the amount of attorney fees requested by Defendant Linda B. Jonas ("Linda"). Linda was represented by attorney Robert Erickson. No testimony or exhibits were admitted. Argument of counsel was heard, after which the Court took the matter under advisement. After review of the record, Edwin's objection is overruled and Linda is awarded $1,124.50 in attorney fees as sanctions for Edwin's failure to make initial disclosures by the deadline set by the Scheduling Order. The

1

Court finds that the $1,124.50 amount of attorney fees requested by Linda is reasonable.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b).

The Court held an initial scheduling conference in this adversary proceeding on May 12, 2010, after which the Court entered its Scheduling Order, Dkt. 9. After hearing statements from the parties regarding scheduling, the Scheduling Order set several deadlines, the first of which stated: "All initial disclosures shall be made by June 8, 2010." The Scheduling Order stated plainly: "The parties shall comply with the schedule herein specified or be subject to sanctions, contempt, and expenses as provided by the Federal Rules of Bankruptcy Procedure, as may be requested by either party."

Murphy admits that Edwin failed to make the initial disclosures by June 8, 2010. Linda filed her second motion to dismiss on June 10, 2010 (Dkt. 13) based upon Edwin's failure to make initial disclosures and requesting dismissal and sanctions. Edwin's response (Dkt. 19) states that the initial disclosures were made on June 28, 2010. The Court, after a hearing, denied Linda's motion to dismiss but granted her request for sanctions, and directed her to file an affidavit of attorney fees and costs (Dkt. 29).

Linda filed her affidavit on August 16, 2010 (Dkt. 36), with a billing statement itemizing attorney services provided by Linda's attorneys Quentin M. Rhoades ("Rhoades") and Erickson from June 10, 2010, for drafting the motion to dismiss, through August 5, 2010, for reviewing Edwin's objection and preparing for the hearing. The affidavit of attorney fees includes nothing after August 5, 2010, although Linda's attorney participated in the September 9, 2010, hearing. The amount of attorney fees requested by Linda is $1,124.50, and she requests nothing for costs.

**DISCUSSION**

Edwin objects that the amount of $1,124.50 in fees requested by Linda is not reasonable because the majority of fees were incurred after he made the belated disclosures on June 28, 2010. Edwin argues that $277.50 for 1.5 hours for reviewing the record and drafting the motion to dismiss is excessive and a more reasonable amount of time would be half an hour. Edwin further argues that the award of attorney fees should be substantially less, and suggests an award of $550.

The Scheduling Order put the parties on plain notice that failure to comply with the deadlines would subject them to sanctions and contempt. In *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), the Supreme Court observed: "Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality." *See also In re Smith*, 235 F.3d 472, 476 (9th Cir. 2000). In this adversary proceeding and the above-captioned bankruptcy case Edwin has failed to meet deadlines, which resulted in the main case in the conversion of his case to Chapter 7 for failing to comply with deadlines for submitting monthly operating reports. In this adversary proceeding Edwin did not seek an extension of the deadline for making initial disclosures, he simply ignored it prompting Linda's motion to dismiss and this Court's granting her request for sanctions.

Contempt proceedings are governed by F.R.B.P. 9020. Prior to Congress reform of F.R.B.P. Rule 9020 in 1987, bankruptcy courts did not have the inherent power of contempt in the Ninth Circuit. *In re Sequoia Auto Brokers, Ltd. (Plastiras v. Idell)*, 827 F.2d 1281, 1284 (9th Cir. 1987). Subsequent to *Sequoia*, the United States Supreme Court held that courts created by Congress have inherent powers, unless Congress intentionally restricts those powers. *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991). The Ninth Circuit later held that with Congress enacting Rule 9020 and § 105(a), *Chambers* supersedes *Sequoia* and bankruptcy courts have the inherent power to sanction for contempt. *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284-5 (9th Cir. 1996).

To find a party in civil contempt the court must find that the offending party knowingly violated a definite and specific court order. *In re Gomez*, 17 Mont. B.R. 166, 171-72 (Bankr. D. Mont. 1998) (quoting *In re Killorn*, 16 Mont. B.R. 364, 366-68 (Bankr. D. Mont. 1998)); *In re Johnson*, 148 B.R. 532, 538 (N.D. Ill. 1992). The record plainly shows that Edwin knowingly violated a definite and specific Scheduling Order deadline for making initial disclosures.

With respect to the reasonableness of the $1,124.50 request for attorney fees, the Court first notes that it includes nothing for costs, and nothing for Linda's attorney time for attending the hearing on September 9, 2010. Edwin objects that the $1,124.50 in Linda's fees were incurred mostly after he made his belated initial disclosures, but he prosecuted his objection instead of conceding, and then prosecuted his objection to the reasonableness of the fees, necessitating two hearings. Given Edwin's failure to make initial disclosures by the deadline, and his active opposition to the attorney fees, the Court finds that the $1,124.50 in fees requested by Linda is reasonable and those attorney fees shall be awarded as a sanction and to reinforce to Edwin, if he needs reminding, that his tactic of ignoring deadlines comes with a price.

**IT IS ORDERED** a separate Order will be entered in conformity with the above overruling Edwin's objection (Dkt.37), holding Edwin in contempt of court and awarding Linda $1,124.50 in attorney fees as sanctions for civil contempt for Edwin's failure to make initial disclosures by the deadline set by the Scheduling Order; and Edwin shall pay Linda $1,124.50 in

attorney fees within ten (10) days or the Court, upon report by Linda of Edwin's failure to comply, will enter a Judgment against him in the amount of $1,124.50.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana