UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **EDWIN RITTER JONAS, III**, | Case No.  **10-60248-7** |
| Debtor. | |
| **EDWIN RITTER JONAS, III**, | |
| Plaintiff. | |
| -vs- | Adv No.  **10-00031** |
| **LINDA B JONAS**, | |
| Defendant. | |

**MEMORANDUM OF DECISION**

At Butte in said District this 30th day of June, 2011.

Pending in this adversary proceeding is the Defendant Linda B. Jonas' ("Linda") motion to dismiss (Docket No. 67) on the grounds that her former spouse, the Plaintiff/Debtor Edwin Ritter Jonas III ("Edwin" or "Debtor"), lacks standing. Edwin filed an objection asserting that he has standing because he commenced the adversary proceeding when the case was under Chapter 11. A hearing on the motion was held at Missoula on May 19, 2011. Linda was represented by attorney Quentin M. Rhoades ("Rhoades") of Missoula. Edwin was represented by attorney

Edward A. Murphy ("Murphy") of Missoula.  No testimony or exhibits were admitted.

Argument of counsel was heard, after which the Court took the matter under advisement.  After

review of the motion, Edwin's response, the record and applicable law, this matter is ready for

decision.  For the reasons set forth below Linda's motion to dismiss will be denied without

prejudice.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), as it

is related to the above-captioned Chapter 7 bankruptcy case.  This adversary proceeding includes

claims for relief which are core proceedings under 28 U.S.C. § 157(b)(2).

**FACTS & PROCEDURAL HISTORY**

Edwin filed a Chapter 11 petition on February 19, 2010, and filed his Schedules on March

7, 2010.  He listed assets with a total value in the amount of $1,423,510.54, and liabilities in the

total amount of $2,189,459.23.  He listed no real property on Schedule A.  On Schedule B Edwin

listed a half interest in an entity named "Balcktail [sic] Mountain Ranch Co. LLC" with a value

of $5,000; and he listed a chose in action against Linda for misappropriation of a trust fund with

a value of $1,350,000.  Schedule E lists Linda as having a priority claim for alimony, which

Edwin listed as disputed and in the amount of $1,091,391.21.

Rhoades filed Linda's Proof of Claim, and filed an Amended Proof of Claim No. 1 on

March 24, 2010.  Linda asserts a claim in the total amount of $1,091,391.21.  Amended Claim 1

asserts that her claim is fully secured based on the Charging Order by property with a value

which she values in the amount of $2,250,000.  In addition, the box is checked at item 5 asserting

that the claim is entitled to priority as a "Domestic support obligation under 11 U.S.C. §

507(a)(1)(A) or (a)(1)(B)."  Attached to Amended Claim 1 are the Notice of Filing Foreign

2

Judgment in the Montana Twentieth Judicial District Court, Lake County, Cause No. DV-09-388, orders from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-259-89, and the writ of execution issued by Rhoades in DV-09-388, addressed to the sheriff of Lake County, Montana.

Edwin filed the complaint initiating this adversary proceeding against Linda on March 30, 2010.  The complaint avers six claims for relief.  Count I seeks to avoid a Charging Order issued by the Montana Twentieth Judicial District Court, Lake County, in Cause No. DV-09-388 on February 3, 2010, on the judgment entered by the Superior Court of the State of New Jersey in the parties' divorce case, as a preferential transfer under 11 U.S.C. § 547(b).  Count II seeks a determination of the validity and extent of the lien allegedly created by the Charging Order, and requests that Linda's claim be deemed wholly unsecured.  Count III is an objection to Linda's Proof of Claim, and seeks an accounting and offsets against her claim, and seeks damages, for breach of trust and conversion of his money, and alleges that her claim is false, fraudulent, and overstated.  Count IV seeks damages against Linda for filing a false claim.  Count V seeks damages against Linda for filing the New Jersey judgment in Montana, which Edwin alleges was filed by fraud and an abuse of process.

Linda filed her answer denying all the material allegations and requesting costs and attorney fees.  Linda filed a motion to dismiss Counts III, IV and V of the complaint on April 20, 2010.  Edwin objected, and after a hearing the Court entered a memorandum of decision (Docket No. 31) and Order (Dkt. 32) on August 12, 2010, granting the motion and dismissing Counts III, IV and V for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), based upon both

the *Rooker-Feldman*[1] doctrine and the "domestic relations exception" to federal court diversity jurisdiction.

On June 11, 2010, this Court granted the U.S. Trustee's motion to convert Edwin's case to a case under Chapter 7 based on Edwin's admission that he failed to provide required information and reports to the U.S. Trustee. Edwin amended his Schedules on June 11, 2010, increasing the value of his interest in Blacktail Mountain Ranch to $58,000.

Richard J. Samson was added to the case as Chapter 7 Trustee. The meeting of creditors was scheduled to be held pursuant to 11 U.S.C. § 341(a) on July 21, 2010, but was continued.

Edwin filed a motion to vacate the decision dismissing Counts III, IV and V, because he states he has returned to the Superior Court in New Jersey to set aside the judgment against him and request an accounting. Linda objected and that matter was heard on December 14, 2010. On December 15, 2010, the Court entered an Order (Dkt. 65) holding Edwin's motion to vacate in abeyance and directing Edwin to file status reports of his New Jersey appeal. The trial setting scheduled in this cause on May 5, 2011, was vacated, and the Court stated that it would reset the trial and unexpired deadlines by future order.

In the main case, Edwin filed a motion to vacate the Order converting the case to Chapter 7, but after several delays he withdrew the motion on February 8, 2011.

The Trustee Samson filed an Application to employ Linda's attorney Rhoades and his law firm on February 3, 2011, for the purpose of representing the estate in Adversary Proceeding No.

---

[1]The *Rooker-Feldman* doctrine takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

10-00104 ("Adv. No. 10-104") in which the Trustee seeks a determination that the estate owns or

holds 100 percent (100%) ownership interest in Blacktail Mountain Ranch Co., LLC.  The

application states that Linda's interests coincide with the interests of the estate in Adv. No. 10-

104.  The application was approved and Rhoades was employed on a contingency fee basis to

represent the estate[2].

Linda filed the instant motion to dismiss on March 3, 2011, on the grounds that Edwin

lacks standing to continue prosecuting this proceeding.  Linda filed a brief which cites FED. R.

CIV. P. 17 (applicable under F.R.B.P. 7017), and 11 U.S.C. § 522(h), but cites no case law.

Linda argues that Edwin lacks standing, even though the Trustee has not attempted to avoid the

Charging Order as a preference, because Edwin has not claimed an exemption in the property

subject to the Charging Order, which Linda identifies as Blacktail Mountain Ranch, LLC.

Edwin objected and filed a brief in opposition, which also lacks any citation to case law.

Edwin argues that he was the proper party to commence this adversary proceeding because he

was a debtor in possession under Chapter 11 at the time.  He also claims standing because his

objection to Linda's Proof of Claim involves an alleged alimony obligation which is

nondischargeable in Chapter 7.

On May 31, 2011, Edwin filed a status report (Dkt. 80) stating that briefs have been filed

in New Jersey, that Edwin would file a reply brief within a week in the New Jersey Appellate

Division of the Superior Court, and Murphy estimated that the decision on appeal would be

---

[2]The trial in Adv. No. 10-104 is scheduled to commence on November 21, 2011.

within 10 to 12 months.[3]

On June 24, 2011, the Court entered an Order in Case No. 10-60248-7, establishing bid procedures for the sale of the Debtor's membership interest in Blacktail Mountain Ranch Co., LLC, by "open cry auction" to be held on July 11, 2011.

## DISCUSSION

Rule 17(a)(1) provides that, in general:  "An action must be prosecuted in the name of the real party in interest."  Linda does not dispute that Edwin had standing at the time he filed the complaint commencing this adversary proceeding, but she moves to dismiss for lack of standing after the case was converted to Chapter 7.  Linda recognizes that the Debtor may avoid a preference under § 547, but only if he could have exempted the property under § 522(g)(1), and if "the trustee does not attempt to avoid such transfer."  Linda argues that Edwin never claimed the property known as Blacktail Mountain Ranch Co., LLC, as exempt, and that only the Trustee can bring this action[4].

This Court has held in abeyance Edwin's motion to vacate the dismissal of Counts III, IV and V until he has a final decision from the New Jersey courts regarding his request for an accounting.  Since the decision in New Jersey will weigh on whether Edwin can make a showing sufficient to grant his motion to vacate dismissal of Counts III, IV and V, it seems premature to

---

[3]The parties continue to file briefs regarding Edwin's motion to vacate.  Edwin's latest brief, Dkt. 81, concludes by stating that the accounting which he seeks should be had in this adversary proceeding.  The motion to dismiss remains in abeyance until a final decision is entered in New Jersey.

[4]The Court wonders what would happen if the Trustee decided to pursue this adversary proceeding.  The Trustee has employed the Defendant's attorney Rhoades on a contingency fee basis to represent the estate in Adv. 10-104.  If the Trustee decided to prosecute this proceeding, he would have to employ a different attorney because of the obvious conflict.

decide to dismiss the rest of this adversary proceeding.  While the Trustee is without doubt a real

party in interest, as Edwin notes the Trustee Samson "has simply watched the proceedings."

The Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit discussed standing in *In

re Stoll*, 252 B.R. 492, 495-96 (9th Cir. BAP 2000):

> A dismissal for lack of standing is a subspecies of dismissal for failure to
> state a claim under Fed.R.Civ.P. 12(b)(6).  *In re Saylor*, 178 B.R. 209, 215 (9th
> Cir. BAP 1995), *aff'd*, 108 F.3d 219 (9th Cir. 1997).  When considering a motion
> to dismiss for failure to state a claim, a court must take as true all allegations of
> material fact and construe them in light most favorable to the nonmoving party.
> *Parks School of Business v. Symington*, 51 F.3d 1480 (9th Cir. 1995).  A claim
> should be dismissed "only if it appears to a certainty that [the plaintiff] would be
> entitled to no relief under any state of facts that could be proved."  *NL Industries,
> Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  "To have standing a party must
> assert its own legal rights and interests and cannot rest its claim to relief on the
> legal rights or interest of third parties."  *In re Cogar*, 210 B.R. 803, 808 n. 7 (9th
> Cir. BAP 1997).
>
> While a third party hired by a bankruptcy trustee may owe a fiduciary duty
> to the estate, *see, e.g., In re Taxman*, 49 F.3d 310, 314 (7th Cir. 1995), it does not
> necessarily follow that Debtor and individual creditors have standing to pursue
> redress for a violation of that duty.  A trustee is the legal representative of the
> bankruptcy estate and as such has the capacity to sue and be sued. § 323.  *See also
> In re Joseph*, 208 B.R. 55, 60 (9th Cir. BAP 1997).  Only a trustee may pursue a
> cause of action belonging to the bankruptcy estate.  *Griffin v. Allstate Ins. Co.*,
> 920 F.Supp. 127, 130 (C.D. Cal. 1996); *Bostanian v. Liberty Savings Bank*, 52
> Cal.App.4th 1075, 61 Cal.Rprt.2d 68, 72 (1997).
>
> * * * *
>
> Debtor's position with regard to the bankruptcy estate is analogous to that
> of a beneficiary of a trust.  Under general principles of trust law, a beneficiary of a
> trust generally lacks standing to sue third parties on behalf of the trust.  *Wolf v.
> Mitchell, Silberberg & Knupp*, 76 Cal.App.4th 1030, 90 Cal.Rptr.2d 792 (1999).

252 B.R. at 495-96.

Unlike the debtor in *Stoll*, Edwin as the Debtor in this Chapter 7 case has asserted in

dismissed Count III (Objection to Linda's Proof of Claim) an injury peculiar and personal to

himself. *See Stoll*, 252 B.R. at 496. Linda's Amended Claim 1 asserts priority status as a

domestic support obligation, which could be excepted from the Debtor's discharge under 11

U.S.C. § 523(a)(5). Edwin had standing to pursue his Count III objecting to Linda's Proof of

Claim while the case was in Chapter 11. After conversion, because of the nondischargeable

characteristic of Linda's claim Edwin retained a potential injury peculiar and personal to himself,

as distinguished from the creditors and the estate. Since dismissal of Count III is not yet final

because of Edwin's motion to vacate, the Court does not deem it appropriate to grant Linda's

motion to dismiss for lack of standing at this time.

> A leading commentator states:

> Because they do not function as representatives of the bankruptcy estate, chapter 7
> debtors generally lack standing to pursue the avoidance and recovery of
> preferential transfers. Under the provisions of section 522(h), however, individual
> chapter 7 debtors are entitled to avoid certain types of "preferential transfers" in
> order to protect their exemption rights in the property so transferred if the trustee
> does not seek avoid those transfers. The exercise of this power is generally
> restricted to instances in which the debtor did not voluntarily transfer or conceal
> the property at issue.

5 COLLIER ON BANKRUPTCY, ¶ 547.11[2][a] (16th ed. 2010).

Taking as true all allegations of material fact and construe them in light most favorable to

the nonmoving party, *Stoll*, 252 B.R. at 495, no indication exists in the record that the Debtor

voluntarily transferred or concealed property at issue, so Edwin is not prohibited from exercising

an avoidance power for that reason.

The complaint and Count I aver the elements of § 547(b) to avoid the Charging Order as a

preference, which this Court takes as true and construes against Linda. *Stoll*, 252 B.R. at 495.

Before this Court dismisses this adversary proceeding, the Trustee Samson will be required to

appear and state on the record his reasons for not seeking to avoid the Charging Order as a

preference and leaving Linda with a secured and priority claim.  The claims register in Case No.

10-60248-7 lists a total of $1,923,803.14 in nine (9) proofs of claim, including $457,680.12 in

unsecured nonpriority claims.  Linda's claim is the largest claim filed.

Debtor's Amended Schedule C does not list a claim of exemption in Blacktail Mountain

Ranch Co., LLC, which weighs against a finding that the Debtor has standing.  However, the

BAP in *Stoll* discussed at footnote 4 an exception to a debtor's lack of standing:

> Ordinarily, a debtor does not have standing to challenge actions affecting the size
> of the estate, because the debtor has no pecuniary interest in the property of the
> estate.  *See In re Thompson*, 965 F.2d 1136, 1144 (1st Cir. 1992).  There is an
> exception.  When as in this case an estate will have a surplus that will be returned
> to the debtor after all of the creditors have been paid in full, the debtor has an
> economic interest in the estate that is similar to that held by the creditors who will
> be paid from the estate.  Under those circumstances, the debtor would have
> standing to complaint about the actions of third parties hired by the trustee if the
> creditors of the bankruptcy estate would have standing.  *See, e.g., In re Mark Bell
> Furniture Warehouse, Inc.*, 992 F.2d 7, 10 (1st Cir. 1993).

252 B.R. at 495, n. 4.

No evidence exists in the record at this point whether this estate will have a surplus, or

indeed whether it will have any assets to distribute to creditors.  That lack of evidence is

construed against Linda.  *Stoll*, 252 B.R. at 496.  The Trustee has hired Linda's attorney to

represent the estate in Adv. No. 10-104, and has not sought to avoid Linda's lien from the

Charging Order as a preference.  Those circumstances are similar to those discussed in footnote 4

of *Stoll* where the debtor, and the other creditors, might have standing to complain about the

Trustee's failure to act.

In sum, this Court concludes that Linda's motion to dismiss is premature, and the Court

9

declines to grant dismissal for lack of standing until the Trustee explains his failure to pursue this adversary proceeding to avoid Linda's lien as a preference, particularly in light of the conflict arising from the Trustee's hiring of Defendant's counsel.

**IT IS ORDERED** a separate Order will be entered in conformity with the above denying Linda's motion to dismiss, without prejudice.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana